SCHOTT, Judge.
This is a suit on a promissory note. It was originally filed by Michael Dooling under the trade name Golden Gate Venture but the petition was amended to designate the proper plaintiff as Golden Gate Joint Venture, a California Joint Venture represented by its managing joint venturer, Crown Financial Services of America. Defendants are the maker of the note, Louisiana Crude Oil & Gas Company, Inc. (Louisiana) and an endorser, Jack E. Koch. Defendants pleaded affirmative defenses based on a compromise agreement entered into at the time the note was executed, the note’s purpose being to secure Louisiana’s obligations under the agreement. Defendants alleged that Louisiana had not defaulted under the compromise agreement so that action on the note was premature and that plaintiff’s principal had interferred with Louisiana in such a way as to prevent it from performing the obligations required by the compromise agreement. From a judgment in favor of plaintiff defendants have appealed.
On September 15, 1980, a dispute had arisen between Louisiana and eight different California companies, including plaintiff, for which Louisiana was drilling and operating oil and gas wells. The parties entered into a compromise agreement in which Louisiana agreed to complete three existing wells, to pay off certain expenses it had incurred in the completion of a number of wells for the eight companies, and to resign as operator of all wells owned by the companies. These things were to be accomplished within ninety days from the date of the agreement. To secure Louisiana’s performance of its obligations it issued promissory notes to each of the companies, one of which is the note sued on by plaintiff. The agreement contained the following:
“... In the event that Louisiana has not fully performed its obligations to complete the uncompleted wells, or to pay unpaid claims, then Companies may enforce their rights under the promissory notes without deduction or off-set or waiver of any other claims whatsoever. All of such notes shall be due and-payable ninety (90) days from the date of execution hereof.”
It is undisputed that Louisiana did not complete its work within the 90 days so that note became due and demandable under its own terms as well as the provisions of the compromise agreement. Thus, there is clearly no merit to defendants’ contention that the suit was premature.
*886 The main thrust of defendants’ ease at trial was evidence that Louisiana had, at the same time the promissory notes and compromise agreement were executed, entered into an escrow agreement with one of the eight companies, Crown Arch, Ltd. Under this agreement Louisiana was to drill a well for Crown Arch, Louisiana’s expenses were to be paid out of an escrow account held by a bank in Abilene Texas, and the balance remaining in the amount at the conclusion of the drilling was to be paid to Louisiana as its profit from the operation. The individual handling the escrow agreement for Crown Arch, Michael Dooling, was also the president of Crown Financial Services of America, plaintiff’s managing joint venturer. Defendants attempted to prove that Louisiana was entitled to funds in that escrow account which would have enabled it to perform its obligations under the compromise agreement, but Dooling refused to release the funds, thereby preventing it from performing under the compromise agreement.
This defense has no merit. The compromise agreement between Golden Gate Joint Venture and Louisiana was in no way conditioned upon or related to the escrow agreement between Crown Arch, Ltd. and Louisiana. Golden Gate’s note became due and payable when Louisiana failed to perform within 90 days after its issuance. The fact that Dooling had some common interest in Golden Gate and Crown Arch did not operate to prevent Golden Gate from collecting on its note once it became due. Louisiana was bound to perform its obligations to Golden Gate and was free to take legal action against Crown Arch if the escrow agreement was breached.
Finally, the evidence shows that the note sued on as modified by the compromise agreement was clearly due and payable. However, the evidence on the escrow agreement makes it unclear as to what if anything was owed under that agreement. We agree with the trial judge’s comment that the matter of the escrow agreement is not the proper subject of this lawsuit but is subject to determination “on another occasion and by another court.”
The judgment was in favor of Michael Dooling, d/b/a Golden Gate Venture, as plaintiff was originally designated. In view of the supplemental and amended petition changing the designation of plaintiff to Golden Gate Joint Venture we amend the judgment appealed from so as to be in favor of Golden Gate Joint Venture. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.